James A. Michel
State Bar No. 184730
2912 Diamond St. #373
San Francisco CA 94131
415/ 239-4949
(Fax 239-0156)
attyjmichel@gmail.com

Attorney for Plaintiffs
CAROLYNN TAYMUREE and
ZOHRA RICHARDSON

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO / OAKLAND DIVISION

| | |
|---|---|
| CAROLYNN TAYMUREE, an individual, and ZOHRA RICHARDSON, an individual, | Case No. 4:16-cv-06138-YGR |
| Plaintiff, | FIRST AMENDED COMPLAINT |
| v. | DEMAND FOR JURY TRIAL |
| NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2, a Delaware Statutory Trust; TRANSWORLD SYSTEMS, INC., a California Corporation; PATENAUDE & FELIX, A PROFESSIONAL CORPORATION, a California corporation; and DOES 1 through 10, inclusive, | 15 United States Code § 1692 *et seq.* California Civil Code § 1788 *et seq.* |
| Defendants. | |
| _____/ | |

Plaintiffs, CAROLYNN TAYMUREE and ZOHRA RICHARDSON, based on information and belief and investigation of counsel, except for those allegations which pertain to the named plaintiffs or their attorney (which are alleged on personal knowledge), hereby make the following allegations:

<u>INTRODUCTION</u>

1. This is an action for actual damages, statutory damages, attorney fees and costs brought by individual consumers for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (FDCPA) and the Rosenthal

FDCPA, California Civil Code § 1788 *et seq.* (RFDCPA), which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

2. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3. The California Legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

<u>JURISDICTION</u>

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (FDCPA).

VENUE

6. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

INTRADISTRICT ASSIGNMENT

7. This lawsuit should be assigned to the San Francisco/Oakland Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Contra Costa County.

PARTIES

8. Plaintiff CAROLYNN TAYMUREE ("TAYMUREE") is a natural person residing in Contra Costa County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of California Civil Code § 1788.2(h).

9. Plaintiff ZOHRA RICHARDSON ("RICHARDSON") is a natural person residing in Contra Costa County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of California Civil Code § 1788.2(h).

10. Defendant NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2 (NCT) is a Delaware statutory trust engaged in the business of collecting debts in this State with its principal place of business located in Delaware. NCT may be served by serving its Registered Agent, Wilmington Trust Company, whose business address is Rodney Square North, 1100 N Market St., Wilmington, DE 19890. Plaintiffs are informed and believe and thereon allege that NCT has no employees or officers but acts only through its servicer or subservicer.

11. Defendant PATENAUDE & FELIX, A PROFESSIONAL CORPORATION (P&F) is a California corporation engaged in the business of collecting debts in this

State with its principal place of business located in California at 4545 Murphy Canyon Road, 3rd Floor San Diego, CA 92123-4363. P&F may be served by serving its Registered Agent, Raymond Patenaude, whose business address is 4545 Murphy Canyon Road, 3rd Floor San Diego, CA 92123-4363. The principal business of P&F is collection of consumer debts and filing and maintaining civil debt collection lawsuits and obtaining judgments in those cases by utilizing the U.S. Mail, telephone and internet. P&F regularly collects, directly or indirectly, consumer debts it acquires in default (or has treated the debt as if it were in default at the time of acquisition) via U.S. Mail, telephone, internet, and civil debt collection lawsuits. P&F is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

12. Defendant Transworld Systems, Inc. (TSI) is a California corporation (formerly known as NCO Financial Systems, Inc., a Pennsylvania corporation), currently registered with the California Secretary of State with an address of 360 N. Crescent Dr. S Bldg, Beverly Hills CA 90210. TSI may be served by serving CT Corporation System, 818 West Seventh St., #930, Los Angeles CA 90017. TSI is engaged in the business of collection of consumer debts and hiring attorneys to file and maintain civil debt collection lawsuits and obtaining judgments in those cases by utilizing the U.S. Mail, telephone and internet. Plaintiffs are informed and believe and thereon allege that TSI directs and manages litigation on behalf of entities such as NCT, by referring NCT's cases to law firms such as P&F. TSI claims to be the Subservicer on behalf of NCT and similar student loan trusts and claims to be the dedicated custodian of records for the trusts. As such, TSI executes affidavits regarding account documents, verifies responses to discovery and provides testimony on behalf of the student loan trusts. Plaintiffs are informed and believes, and thereon alleges, that TSI provided information about plaintiff to P&F which was intended to, and was used, in an attempt to collect consumer debt. Specifically, Plaintiffs are informed and believe and thereon allege that TSI

provided residence address information to P&F and TSI provided documents to P&F purporting to establish that Plaintiff was in a Debtor-Creditor relationship with NCT, to ratify and support P&F's attempt to collect consumer debt from Plaintiff. TSI provided an affidavit signed by one of its employees to be filed in Superior Court for the purpose of obtaining a default judgment against Plaintiff. TSI regularly collects, directly or indirectly, consumer debts alleged to be due to another via U.S. Mail, telephone, internet, and civil debt collection lawsuits. TSI is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

13. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff at this time, and Plaintiff therefore sues said Defendants by such fictitious names. Plaintiffs are informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, Defendants DOES 1 through 10, inclusive, are natural persons, limited liability companies, corporations or business entities of unknown form that have or are doing business in the state of California. Plaintiff will seek leave of the Court to replace the fictitious names of these DOE Defendants with their true names when they are discovered by Plaintiff.

14. At all relevant times alleged in this Complaint, Defendants, and each of them, were regularly engaged in the business of collecting consumer debts throughout the state of California, including San Francisco County, by assisting the other debt collectors in filing and maintaining civil debt collection lawsuits and in obtaining default judgments in those cases by utilizing the U.S. Mail, telephone and internet.

15. Plaintiffs are informed, believes and thereon alleges, that each and all of the aforementioned Defendants are responsible in some manner, either by act or omission, strict liability, fraud, deceit, fraudulent concealment, negligence, *respondeat superior*, breach of contract or otherwise, for the occurrences herein

alleged, and that Plaintiff's injuries, as herein alleged, were proximately caused by the conduct of Defendants.

16. Plaintiffs are informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, each of the Defendants sued herein was the agent, servant, employer, joint venturer, partner, division, owner, subsidiary, alias, assignee and/or alter-ego of each of the remaining Defendants and was at all times acting within the purpose and scope of such agency, servitude, joint venture, division, ownership, subsidiary, alias, alter-ego, partnership or employment and with the authority, consent, approval and ratification of each remaining Defendant.

## **FACTUAL ALLEGATIONS**

### The Underlying Alleged Debt

17. In or about 2007, Plaintiffs are alleged to have incurred a financial obligation, namely a student loan. The alleged debts were incurred primarily for personal, family or household purposes and are each therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by California Civil Code § 1788.2(f).

18. Plaintiffs are informed and believe, and thereon allege, that sometime thereafter on a date unknown to Plaintiffs, the alleged debts were consigned, sold or otherwise transferred to another entity.

19. Plaintiffs are informed and believe, and thereon allege, that sometime thereafter on a date unknown to Plaintiff, Patenaude & Felix, APC, was hired as counsel for an entity known as "National Collegiate Student Loan Trust 2007-2" to collect the debt from Plaintiff.

20. Plaintiffs are informed and believe, and thereon allege that on or about August 26, 2015, Patenaude & Felix prepared lawsuits against Plaintiffs to be filed in the Superior Court of Contra Costa County, captioned *National Collegiate Student Loan Trust 2007-2 v. Carolynn Swanson, Zohra Taymuree, et al.*, ("the state court action"), in an attempt to collect the alleged debt. Plaintiff TAYMUREE

was sued as "Carolynn Swanson" and plaintiff RICHARDSON was sued as "Zohra Taymuree."

The <em>NCT v. Swanson</em> State Court Complaint

21. On or about October 5, 2015, Defendants caused the lawsuit to be filed with the Clerk of the Superior Court and obtained issuance of the summons on October 5, 2015. The *NCT v. Swanson* state court action was assigned case number L15-03043.

22. A true and accurate copy of the *NCT v. Swanson* complaint (without its attachments) is attached hereto, marked Exhibit 1, and by this reference is incorporated herein.

23. In its First Cause of Action, the *NCT v. Swanson* complaint (Exhibit 1) states the following:

> BC-1. Plaintiff (*name*): NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2, A DELAWARE STATUTORY TRUST(S) alleges that on or about (*date*): March 23, 2007 a written agreement was made made between (*name parties to the agreement*): Plaintiff's assignor, CHARTER ONE BANK, N.A. and CAROLYNN SWANSON, ZOHRA TAYMUREE

> A copy of the agreement is attached as Exhibit A, or
> The essential terms of the agreement are as follows:

> Defendant(s) entered into a written contract with Plaintiff's assignor, CHARTER ONE BANK, N.A., whereby Plaintiff loaned money to Defendant(s) for the financing of Education expenses. Plaintiff is the assignee of this contract. [remainder of BC-1 omitted]

> BC-2 On or about (*date*): August 31, 2013
> Defendant breached the agreement by ... the following acts (specify): Defendant(s) failed to make payments on the contract as agreed, or otherwise defaulted upon the contract, and despite Plaintiff's demand Defendant(s) continues to refuse to pay plaintiff the amount owed under the contract. Defendant(s) is/are in default and under the terms of the contract, Plaintiff is entitled to the unpaid balance, interest, and costs.

24. Plaintiffs are informed and believe, and thereon allege, that the date of breach alleged in the complaint is incorrect. The *NCT v. Swanson* complaint (Exhibit 1) was filed with the court on more than four years after default on the loan, which would have occurred in or about November 2009.

25. Plaintiffs did not know about the *NCT v. Swanson* complaint (Exhibit 1) until several days after a fraudulent substitute service of summons at RICHARDSON's former residence which allegedly occurred on October 22, 2015.[1] Plaintiffs do not allege that defendants named in this complaint were complicit in the fraudulent service but address that conduct in a separate lawsuit against other defendants.

26. Plaintiffs are informed and believe, and thereon allege, that the *NCT v. Swanson* complaint (Exhibit 1) misrepresented the character, amount and legal status of the alleged debt. Plaintiffs are informed and believe and thereon allege that NCT cannot prove standing to sue on the alleged debt.

27. The California period of limitations to recover a defaulted consumer debt of this kind is four years from the date of default.

28. NCT's claims against Plaintiffs accrued more than four years prior to the filing of the *NCT v. Swanson* complaint (Exhibit 1). As a result, the *NCT v. Swanson* complaint (Exhibit 1) was time-barred when it was filed in October 2015.

29. In their answer in Contra Costa County Superior Court, filed in response to the *NCT v. Swanson* state court complaint (Exhibit 1), plaintiffs asserted the affirmative defenses that NCT's causes of action were barred by the statute of limitations in California Code of Civil Procedure section 337(1).

30. By filing and maintaining the *NCT v. Swanson* complaint (Exhibit 1), Defendants attempted to collect a time-barred debt from Plaintiff, an action that cannot lawfully be taken. A debt collector violates the FDCPA by using the courts to attempt to collect a time-barred debt.[2]

---

[1]  *Lyons v. Michael & Associates* (9th Cir. 2016) 824 F.3d 1169, 1173; *Mangum v. Action Collection Service, Inc.* (9th Cir. 2009) 575 F.3d 935, 940.

[2]  *McCollough v. Johnson, Rodenburg & Lauinger,* 587 F. Supp. 2d 1170, 1176 (D. Mont. 2008) (affirmed by *McCollough v. Johnson, Rodenburg & Lauinger* 637 F. 3d 939 (9th Cir. 2011).

*Lack of Co-Signer Liability*

31. The *NCT v Swanson* state court complaint filed by defendants (Exhibit 1) alleges liability against ZOHRA RICHARDSON as a co-signer. However, the co-signer disclosures contained in the loan documents do not comply with applicable state and federal law.

32. California Civil Code section 1799.91 and 16 Code of Federal Regulations section 444.3 require that a consumer credit contract contain the following language prior to a co-signer becoming liable on the debt:

> NOTICE TO COSIGNER
> You are being asked to guarantee this debt. Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility.
> You may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay late fees or collection costs, which increase this amount.
> The creditor can collect this debt from you without first trying to collect from the borrower. The creditor can use the same collection methods against you that can be used against the borrower, such as suing you, garnishing your wages, etc. If this debt is ever in default, that fact may become a part of *your* credit record.
> This notice is not the contract that makes you liable for the debt.

33. The CFR provision, in subdivision (c),  requires that the disclosure be given to the co-signer, *prior to becoming obligated*, in a separate document containing the required statement, and no other. Plaintiffs are informed and believes and thereon allege that the required language was not contained in a separate document containing no other statements. As a result, defendants could not comply with the Code of Federal Regulations and the attempt to collect was an unfair practice.

34. Further, California Civil Code section 1799.91 requires that the notice contain the required language in both English and Spanish in at least 10-point type. Plaintiffs are informed and believe and thereon allege that the notice was not provided in 10-point type. Therefore, defendants failed to comply with California

law. As a result, plaintiff ZOHRA RICHARDSON could not be liable on the loan as a co-signer pursuant to California law.

35. Plaintiff is informed and believes and thereon alleges that NCT was not, prior to filing the state court complaint (Exhibit 1) against plaintiffs, and is not currently able to present a chain of valid assignments from the original creditor to each subsequent assignee(s), and from the final subsequent assignee to NCT. Plaintiffs are informed and believe and thereon allege that Defendants knew from the beginning that they would not be able to introduce admissible evidence within the requirements of the California Evidence Code, and that therefore, filing the lawsuit was an unfair practice under 15 U.S.C. section 1692.

36. Defendants' multiple acts of misconduct during the litigation, including filing and maintaining the lawsuit in an attempt to collect a time-barred debt, seeking to collect a debt which NCT did not have the right to collect, are false, deceptive or misleading representations, and unfair or unconscionable means in connection with the collection of debt,[3] all of which amount to a continuing course of unlawful conduct which extended over a period of time.[4]

37. As a result of Defendants' abusive debt collection practices, Plaintiff has incurred actual damages including costs and attorney fees, and continues to incur actual damages including costs and attorney fees, in an amount to be determined at trial.[5]

---

[3]     15 U.S.C. § 1692e, *McCollough v. Johnson, Rodenburg & Lauinger* (9th Cir. 2011) 637 F. 3d 939, 950-951, quoting *Heintz v. Jenkins* (1995) 514 U.S. 291, 294).

[4]     *Komarova v. National Credit Acceptance, Inc.* (2009) 175 Cal. App. 4th 324, 344.

[5]     *Owens v. Howe* (N.D. Ind. 2005) 365 F. Supp. 2d 942, 948 (the attorney fees and costs incurred defending a state court action are awardable as actual damages under 15 U.S.C. § 1692k(a)(1); (*See Lowe v. Elite Recovery Solutions, L.P.* (E.D. Cal. Feb. 4, 2008) 2008 WL 324777.)

38. Plaintiffs are informed and believe, and thereon allege, that Defendants have filed and served standard form complaints in the form of Exhibit 1 on more than 40 persons in the State of California in the one year preceding the filing of this Complaint. Therefore, Plaintiff may seek leave to amend this Complaint to add class allegations at a later date.

<u>CLAIMS</u>

<u>FAIR DEBT COLLECTION PRACTICES ACT</u>

39. Plaintiff brings the first claim for relief against Defendants P&F and TSI under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

40. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

41. Plaintiff TAYMUREE is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

42. Plaintiff RICHARDSON is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

43. Defendant TSI is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

44. Defendant P&F is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

45. The financial obligation sought to be collected from Plaintiffs in the state court action is a debt as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

46. Defendants violated the FDCPA, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10) and 1692f by making false and misleading representations, and engaging in unfair and abusive practices. Defendants' violations include, but are not limited to:

a. using the courts in an attempt to collect a time-barred debt in violation of 15 U.S.C. §§ 1692e and 1692f;

b. misrepresenting the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A);

c. making and using false, deceptive, and misleading representations in an attempt to collect the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10)

d. attempting to collect a nonexistent debt from Plaintiff, an action that cannot lawfully be taken, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10);

47. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

48. As a result of Defendants' violations of the FDCPA, Plaintiffs are entitled to an award of actual damages, statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

<u>ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT</u>

49. Plaintiffs bring the second claim for relief against Defendants NCT, P&F and TSI under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

50. Plaintiffs incorporate all paragraphs in this Complaint as though fully set forth herein.

51. Plaintiff TAYMUREE is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

52. Plaintiff RICHARDSON is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

53. Defendant NCT is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

54. Defendant P&F is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

55. Defendant TSI is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

56. The financial obligation sought to be collected from each Plaintiff in the state court action is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

57. Defendants NCT, P&F and TSI violated the RFDCPA, California Civil Code §§ 1788.13(e) and 1788.17 by making false and misleading representations, and engaging in unfair and abusive practices. Defendants' violations include, but are not limited to:

a. making and using false, deceptive, and misleading representations in an attempt to collect the alleged debt, in violation of Civil Code § 1788.17;

b. misrepresenting the character, amount or legal status of the alleged debt, in violation of Civil Code § 1788.17;

c. attempting to collect a nonexistent debt from Plaintiff, an action that cannot lawfully be taken, in violation of California Civil Code sections 1788.13(e) and 1788.17;

58. Defendants' acts as described above were done willfully and knowingly with the purpose of coercing each Plaintiff to pay the alleged debt, within the meaning of California Civil Code section 1788.30(b).

59. As a result of Defendants' violations of the RFDCPA, Plaintiffs are entitled to an award of actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code § 1788.30(a).

60. As a result of Defendants' willful and knowing violations of the RFDCPA, Plaintiffs are entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000) against each Defendant, pursuant to Cal. Civil Code § 1788.30(b).

61. As a result of Defendants' violations of the RFDCPA, Plaintiffs are entitled to an award of statutory damages in an amount not exceeding $1,000

1  against each Defendant named in this cause of action, pursuant to Cal. Civil Code §

2  1788.17 (*see* 15 U.S.C. § 1692k(a) (2)(A)).

3      62. As a result of Defendants' violations of the RFDCPA, Plaintiffs are

4  entitled to an award of reasonable attorney's fees and costs pursuant to Cal. Civil

5  Code §§ 1788.30(c) and 1788.17 (*see* 15 U.S.C. § 1692k(a)(3)).

6      63. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the

7  RFDCPA are intended to be cumulative and in addition to any other procedures,

8  rights or remedies that the Plaintiff may have under any other provision of law.

9                      REQUEST FOR RELIEF

10      Plaintiffs request that this Court:

11      a) Assume jurisdiction in this proceeding;

12      b) Declare that Defendants P&F and TSI violated the Fair Debt Collection

13  Practices Act, 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10) and 1692f;

14      c) Declare that Defendants NCT, P&F and TSI violated the Rosenthal Fair

15  Debt Collection Practices Act, Cal. Civil Code §§ 1788.13(e) and 1788.17;

16      d) Award Plaintiff actual damages in an amount to be determined at trial,

17  pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civil Code § 1788.30(a);

18      e) Award Plaintiff statutory damages in an amount not exceeding $1,000,

19  pursuant to 15 U.S.C. § 1692k(a)(2)(A);

20      f) Award Plaintiff a statutory penalty in an amount not less than $100 nor

21  greater than $1,000 against each Defendant, pursuant to Cal. Civil Code §

22  1788.30(b);

23      g) Award Plaintiff statutory damages in an amount not exceeding $1,000

24  against each Defendant, pursuant to Cal. Civil Code § 1788.17 (*see* 15 U.S.C. §

25  1692k(a)(2)(A));

26      h) Award Plaintiffs the costs of this action and reasonable attorneys fees

27  pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1021.5, 1788.17 (*see* 15

28  U.S.C. § 1692k(a)(3)) and 1788.30(c); and

1           i) Award Plaintiffs such other and further relief as may be just and proper.

DATED: December 30, 2016             _____/s/ James A. Michel_____
JAMES A. MICHEL
State Bar No. 184730
2912 Diamond St #373
San Francisco CA 94131
Tel. # 415/ 239-4949
Email: attyjmichel@gmail.com

Attorney for Plaintiffs
CAROLYNN TAYMUREE and
ZOHRA RICHARDSON

DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiffs CAROLYNN TAYMUREE and ZOHRA RICHARDSON hereby demand a trial by jury of all triable issues of fact in the above-captioned case.

DATED: December 30, 2016             _____/s/ James A. Michel_____
JAMES A. MICHEL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18

# Exhibit 1

20
21
22
23
24
25
26
27
28

FIRST AMENDED COMPLAINT

082859710 2015082813:34 PATENAUDE & FELIX (858) 836-0___ Page 13 of 19

PLD-C-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

**LAW OFFICES OF PATENAUDE & FELIX, A.P.C.**
Michael R. Boulanger, (#226294) / Michael D. Kahn, (#236898) / Stephanie J. Boone, (#160182)
Jeffrey W. Speights (#265206) / Jessica F. Flynn, (#270304)
4545 Murphy Canyon Road, 3rd Floor, San Diego, CA 92123

TELEPHONE NO.: (858) 244-7600      FAX NO. *(Optional):* (858) 836-0318

E-MAIL ADDRESS *(Optional):* Michael.Kahn@pandf.us

ATTORNEY FOR *(Name):* PLAINTIFF

FILED

2015 OCT -5 A II:

STEPHEN H. NASH
CLERK OF THE SUPERIOR CO
COUNTY OF CONTRA COSTA, CA
BY
S. OZUNA   DEPUTY CLERK

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF CONTRA COSTA**

STREET ADDRESS: 725 COURT STREET
MAILING ADDRESS: MARTINEZ CA 94553
CITY STATE AND ZIP CODE: MARTINEZ CIVIL DIVISION
BRANCH NAME:

PER LOCAL RULE 5 THIS
CASE IS ASSIGNED TO:
DEPT ____

SUMMONS ISSUED

PLAINTIFF: NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2, A DELAWARE STATUTORY TRUST(S)

DEFENDANT(S): CAROLYNN SWANSON, ZOHRA TAYMUREE

☒ and DOES 1 through 15, inclusive

| CONTRACT | |
|---|---|
| ☒ COMPLAINT | ☐ AMENDED COMPLAINT *(Number):* |
| ☐ CROSS-COMPLAINT | ☐ AMENDED CROSS-COMPLAINT *(Number)* |

Jurisdiction *(check all that apply):*
☒ ACTION IS A LIMITED CIVIL CASE
  Amount demanded ☐ does not exceed $10,000
          ☒ exceeds $10,000 but does not exceed $25,000
☐ ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
☐ ACTION IS RECLASSIFIED by this amended complaint or cross-complaint
  ☐ from limited to unlimited
  ☐ from unlimited to limited

CASE NUMBER:

L15 - 03043

1. Plaintiff* *(name or names):* NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2, A DELAWARE STATUTORY TRUST(S)

alleges causes of action against **defendant(s)*** *(name or names):* CAROLYNN SWANSON, ZOHRA TAYMUREE

2. This pleading, including attachments and exhibits, consists of the following number of pages: 14

3. a. Each plaintiff named above is a competent adult
    ☒ except plaintiff *(name):* NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2, A DELAWARE STATUTORY TRUST(S)
      (1) ☐ a corporation qualified to do business in California
      (2) ☒ an unincorporated entity *(describe):* a Delaware Statutory Trust(s)
      (3) ☐ other *(specify):*
  b. ☐ Plaintiff *(name):*
      a. ☐ has complied with the fictitious business name laws and is doing business under the fictitious name *(specify):*
      b. ☐ has complied with all licensing requirements as a licensed *(specify):*
  c. ☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.
4. a. Each defendant(s) named above is a natural person
    ☐ **except defendant** *(name):*         ☐ **except defendant** *(name):*

| (1) ☐ a business organization, form unknown | (1) ☐ a business organization, form unknown |
|---|---|
| (2) ☐ a corporation | (2) ☐ a corporation |
| (3) ☐ an unincorporated entity *(describe):* | (3) ☐ an unincorporated entity *(describe):* |
| (4) ☐ a public entity *(describe):* | (4) ☐ a public entity *(describe):* |
| (5) ☐ other *(specify):* | (5) ☐ other *(specify):* |

*If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.      Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
PLD-C-001 [Rev. January 1, 2007]

**COMPLAINT—Contract**

Code of Civil Procedure, § 425.12

082859710 2015082813:34 PATENAUDE & FELIX (858) 836-0 Page 14 of 19

**PLD-C-001**

| SHORT TITLE: NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2, A DELAWARE STATUTORY TRUST(S)  VS. CAROLYNN SWANSON, ZOHRA TAYMUREE | CASE NUMBER: |
| --- | --- |

4. *(Continued)*

    b.  The true names of defendant(s) sued as Does are unknown to plaintiff.

        (1) ☐ Doe defendant(s) *(specify Doe numbers):* _____ were the agents or employees of the named defendant(s) and acted within the scope of that agency or employment.

        (2) ☒ Doe defendant(s) *(specify Doe numbers):* 1 through 15 _____ are persons whose capacities are unknown to plaintiff.

    c.  ☐ Information about additional defendants who are not natural persons is contained in Attachment 4c.

    d.  ☐ Defendant(s) who are joined under Code of Civil Procedure section 382 are *(names):*

5. ☐ Plaintiff is required to comply with a claims statute, **and**

    a.  ☐ has complied with applicable claims statutes, *or*

    b.  ☐ is excused from complying because *(specify):*

6. ☐ This action is subject to  ☐ Civil Code section 1812.10  ☐ Civil Code section 2984.4.

7. This court is the proper court because

    a.  ☐ a defendant(s) entered into the contract here.

    b.  ☐ a defendant(s) lived here when the contract was entered into.

    c.  ☒ a defendant(s) lives here now.

    d.  ☐ the contract was to be performed here.

    e.  ☐ a defendant(s) is a corporation or unincorporated association and its principal place of business is here.

    f.  ☐ real property that is the subject of this action is located here.

    g.  ☐ other *(specify):*

8. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*

    ☒ Breach of Contract

    ☐ Common Counts

    ☒ Other *(specify):* Refer to Other allegations in number 9.

9. ☒ Other allegations:  Before commencement of this action, in those cases where recovery of costs is dependent on such notices, Plaintiff informed the defendant(s) in writing it intended to file this action and that this action could result in a judgment against defendant(s) that would include court costs and necessary disbursements allowed by CCP Section 1033(b)(2).

10. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for

    a.  ☒ damages of: $19,935.25

    b.  ☒ interest on the damages

        (1) ☒ according to proof

        (2) ☐ at the rate of *(specify):* _____ percent per year from *(date):*

    c.  ☐ attorney's fees

        (1) ☐ of:

        (2) ☐ according to proof.

    d.  ☒ other *(specify):* For such other relief as the Court deems just and fair.

11. ☐ The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers):*

Date: August 26, 2015

MICHAEL KAHN, ESQ.

    (TYPE OR PRINT NAME)      ▶      /S/

                                                     (SIGNATURE OF PLAINTIFF OR ATTORNEY)

*(If you wish to verify this pleading, affix a verification.)*

| PLD-C-001 [Rev. January 1, 2007] | **COMPLAINT—Contract** | Page 2 of 2 |
| --- | --- | --- |

CA_03B EFile Complaint Contract                                P&F File No. 15-20201

082859710 2015082813:34 PATENAUDE & FELIX (858) 836-03.. Page 15 of 19

PLD-C-001(1)

| SHORT TITLE: NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2, A DELAWARE STATUTORY TRUST(S) vs. CAROLYNN SWANSON, ZOHRA TAYMUREE | CASE NUMBER: |
|---|---|

FIRST _____          CAUSE OF ACTION—Breach of Contract
   (number)

ATTACHMENT TO ☒ Complaint ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

BC-1. Plaintiff *(name)*: NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2, A DELAWARE STATUTORY TRUST(S)

      alleges that on or about *(date)*: March 23, 2007

      a ☒ written ☐ oral ☐ other *(specify)*:

      agreement was made between (name parties to agreement): Plaintiff's assignor, CHARTER ONE BANK, N.A. and CAROLYNN SWANSON, ZOHRA TAYMUREE

      ☒ A copy of the agreement is attached as Exhibit A, or
      ☒ The essential terms of the agreement ☐ are stated in Attachment BC-1 ☒ are as follows *(specify)*:

      Defendant(s) entered into a written contract with Plaintiff's assignor, CHARTER ONE BANK, N.A., whereby Plaintiff's assignor loaned money to Defendant(s) for the financing of Education expenses. Plaintiff is the assignee of this contract. The terms and conditions under which Defendant(s) agreed to repay Plaintiff's assignor for the monies loaned are set forth in a written contract and /or loan agreement between the Defendant(s) and Plaintiff's assignor. Defendant(s) indicated his/her/their consent to be bound by these terms either by an authorizing signature on the agreement or by Defendant(s) taking possession of and using the monies provided by Plaintiff's assignor.

BC-2. On or about *(date)*: August 31, 2013
      Defendant breached the agreement by ☐ the acts specified in Attachment BC-2 ☒ the following acts
      (specify):   Defendant(s) failed to make payments on the contract as agreed, or otherwise defaulted upon the contract, and despite Plaintiff's demand Defendant(s) continues to refuse to pay Plaintiff the amount owed under the contract. Defendant(s) is/are in default and under the terms of the contract, Plaintiff is entitled to the unpaid balance, interest, and costs.

BC-3. Plaintiff has performed all obligations to Defendant(s) except those obligations Plaintiff was prevented or excused from performing.

BC-4. Plaintiff suffered damages legally (proximately) caused by Defendant's breach of the agreement
      ☐ as stated in Attachment BC-4 ☒ As follows :
      1. The principal sum of $19,935.25;
      2. Costs of suit;
      3. For such other and further relief as the Court deems just and fair.

BC-5. ☐ Plaintiff is entitled to attorney fees by an agreement or a statue
      ☐ of $
      ☐ according to proof:

BC-6. ☐ Other:

Page ___3___
    Page 1 of 1

Form Approved by the
Judicial Council of California
PLD-C-001(1) [Rev. January 1, 2007]          CAUSE OF ACTION—Breach of Contract          Code of Civil Procedures, § 425.12

CA_05B EFile Breach of Contract                                                          P&F File No. 15-20201