UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CAROLYNN TAYMUREE, ET AL.,**<br>Plaintiffs,<br>v.<br>**NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2, ET AL.,**<br>Defendants. | Case No. 16-cv-06138-YGR<br><br>**ORDER DENYING MOTION TO DISMISS**<br>Re: Dkt. No. 31 |

Plaintiffs allege that defendants committed violations of the Fair Debt Collection Practices Act (FDCPA) and the Rosenthal Fair Debt Collection Practices Act (RFDCPA). Generally, plaintiffs allege that defendant National Collegiate Student Loan Trust 2007-2 (NCSLT) filed and prosecuted a state court collections action seeking to collect a debt that NCSLT did not have the legal right to collect as the debt was (1) time-barred under state law because the last payment on the loan had been made outside the applicable statute of limitations and (2) barred under state law as to plaintiff Zohra Richardson for failure to comply with legally required co-signer disclosures. Defendants move to dismiss the complaint in its entirety.

**I.    LEGAL STANDARD**

"Federal Rule of Civil Procedure 8(a)(2) requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554–55 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (alteration in original). Even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555

(citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (internal brackets and quotation marks omitted)). The Court will not assume facts not alleged, nor will it draw unwarranted inferences. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").

Pursuant to Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted. Dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). The complaint must plead "enough facts to state a claim [for] relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. If the facts alleged do not support a reasonable inference of liability, stronger than a mere possibility, the claim must be dismissed. *Id.* at 678-79; *see also In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (a court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences").

**II.  DISCUSSION**

In their motion to dismiss, defendants ask the Court to resolve the underlying factual disputes with regard to when the last payment on the loan was made and whether the co-signer disclosures were legally compliant. Defendants attach evidence regarding these factual disputes and ask that the Court consider them as documents "on which the complaint necessarily relies," *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (internal quotation marks and citations omitted). (Dkt. No. 31-1 at 5.) However, as defendants concede, this is only appropriate where "no party questions the authenticity of the copy attached to the 12(b)(6) motion," *Lopez*, 450 F.3d at 448 (citations omitted). (*Id.*) Here, plaintiffs challenge the authenticity of the evidence presented

by defendants.[1] (Dkt. No. 38.) Accordingly, it would be improper for the Court to consider such evidence. Further, such factual analysis is inappropriate on a 12(b)(6) motion, and should be addressed through a motion for summary judgment.

Defendants raise three additional arguments that are appropriate for consideration on a motion to dismiss. First, to the extent that the plaintiffs' allegations rely on the state court action, defendants argue that the statute of limitations bars plaintiffs from bringing this lawsuit more than one year later. Second, defendants argue that plaintiffs do not have standing to assert the FDCPA claim as they have not suffered an injury-in-fact. Third, defendants argue that California's litigation privilege bars plaintiffs' RFDCPA claim.[2] The Court addresses each.

### A. Statute of Limitations

An FDCPA violation must be alleged within "one year from the date on which the violation occurs." 15 U.S.C.A. § 1692k(d). Likewise, an RFDCPA violation must be alleged "within one year from the date of the occurrence of the violation." Cal. Civ. Code § 1788.30(f). However, the Ninth Circuit has "made it clear that, in general, the discovery rule applies to statutes of limitations in federal litigation, that is federal law determines when the limitations period begins to run, and the general federal rule is that a limitations period begins to run when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Mangum v.*

---

[1] Plaintiffs are advised that they filed their objections to defendants' evidence incorrectly. Pursuant to Civil L.R. 7-3(a), "[a]ny evidentiary and procedural objections to the motion must be contained within the brief or memorandum." However, because the combined filings do not exceed the page limit and plaintiffs also described their objections in their opposition brief, the Court will not strike the objections as improperly filed.

Similarly, defendants are advised that they failed to comply with Civil L.R. 7-4, which requires a table of contents and a table of authorities for briefs in excess of ten pages. However, the Court will not strike the brief for failure to comply with the Civil Local Rules.

The parties are hereby warned that continued failure to comply with the Court's rules will result in appropriate sanctions.

[2] Defendants raise additional arguments in reply, including that defendants cannot be liable for an obligation of the originating bank and that no recognized cause of action for cosigner notice exists. (Dkt. No. 39 at 4-5.) It is improper for the Court to consider these arguments, as they were raised for the first time on reply. *See State of Nev. v. Watkins*, 914 F.2d 1545, 1560 (9th Cir. 1990) (parties "cannot raise a new issue for the first time in their reply briefs") (citations omitted); *Dytch v. Yoon*, 2011 WL 839421, *3 (N.D. Cal. March 7, 2011) (collecting cases).

3

1  *Action Collection Serv., Inc.*, 575 F.3d 935, 940 (9th Cir. 2009) (internal quotation marks and

2  citations omitted); *see* also *Lyons v. Michael & Assocs.*, 824 F.3d 1169, 1173 (9th Cir. 2016)

3  (applying *Mangum* to hold that the discovery rule applies to the FDCPA claims).

4  Here, the parties do not dispute that the state court action was filed on October 5, 2015 and

5  that plaintiffs filed this action on October 24, 2016. However, plaintiffs also allege that they did

6  not actually learn about the state court case until "several days after a fraudulent substitute service

7  of summons at [Richardson's] former residence which allegedly occurred on October 22, 2015."

8  (First Amended Complaint, "FAC," ¶ 25.) Even assuming that the statute of limitations began to

9  run on the earliest possible date of discovery alleged by plaintiffs—October 22, 2015—this action

10  was filed timely within one year, as October 23, 2016 fell on a Sunday and this action was filed on

11  the next business day, October 24, 2016. *See* Fed. R. Civ. P. 6 (when computing time for a period

12  that is stated in days or a longer unit, "exclude the day of the event that triggers the period . . .

13  [and] include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday,

14  the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal

15  holiday.")

16  Accordingly, this action is not barred by the one-year statute of limitations applicable to

17  FDCPA and RFDCPA claims.

18  **B.  Standing**

19  In order to establish Article III standing, a "plaintiff must have (1) suffered an injury in

20  fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to

21  be redressed by a favorable judicial decision." *Spokeo*, 136 S. Ct. at 1547. The first prong, injury

22  in fact, requires a plaintiff to "show that he or she suffered 'an invasion of a legally protected

23  interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or

24  hypothetical.'" *Id.* at 1548. In the context of a statutory violation, a plaintiff cannot simply "allege

25  a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact

26  requirement of Article III." *Id.* at 1549. Rather, the injury "must actually exist." *Id.* at 1548.

27  Although an injury must be "concrete," however, it need not be "tangible." *Id.* at 1549.

28  Even the "risk of real harm [may] satisfy the requirement of concreteness." *Id.* Further, "[i]n

4

1  determining whether an intangible harm constitutes injury in fact, both history and the judgment of
2  Congress play important roles." *Id.* For example, "the law has long permitted recovery by certain
3  tort victims even if their harms may be difficult to prove or measure." *Id.* "[A] plaintiff in such a
4  case need not allege any *additional* harm beyond the one Congress has identified." *Id.*

5  Here, defendants argue that plaintiffs have failed to satisfy the injury-in-fact requirements
6  of Article III under *Spokeo* because they "have not actually been harmed by [d]efendants['] 
7  conduct. The Superior Court lawsuit was caused by [*p*]*laintiffs'* breach. The Superior Court
8  lawsuit was an expected result of [p]laintiffs' failure to make the required payments on their
9  student loan." (Dkt. No. 31-1 at 8 (emphasis in original).) The Court finds defendants' argument
10  unpersuasive.

11  Since *Spokeo*, the Eleventh Circuit and multiple district courts have held that a violation of
12  the FDCPA itself is sufficient to confer standing on a plaintiff. *Church v. Accretive Health, Inc*.
13  654 F. App'x 990, 995 (11th Cir. 2016) (rejecting argument that, under *Spokeo*, plaintiff lacked
14  standing to sue for defendant's failure to include certain disclosures required by the FDCPA;
15  stating that "[t]he invasion of [plaintiff's] right to receive the disclosures is not hypothetical or
16  uncertain; [she] did not receive information to which she alleges she was entitled"); *see also*
17  *Linehan v. Allianceone Receivables Mgmt., Inc.*, No. C15-1012-JCC, 2016 WL 4765839, at *7-8
18  (W.D. Wash. Sept. 13, 2016) (collecting cases).

19  This Court agrees that *Spokeo* is distinguishable. There, the Supreme Court held that the
20  reporting of an incorrect zip code could not confer Article III standing. *Spokeo*, 136 S. Ct. at 1549-
21  50. Here, assuming that the debt was uncollectible as plaintiffs allege, plaintiffs' allegation
22  concerning defendants' pursuit of the state court action is more than a "bare procedural violation"
23  of the FDCPA. Accordingly, the Court finds that plaintiffs have alleged a sufficiently "concrete"
24  injury for purposes of Article III standing. *Spokeo*, 136 S. Ct. at 1549-50.

25  **C.  Litigation Privilege**

26  California's litigation privilege establishes that a judicial proceeding is considered a
27  privileged publication. Cal. Civ. Code § 47(b); *see Rusheen v. Cohen,* 37 Cal.4th 1048, 1057
28  (2006) (applying the privilege to any communication made in a judicial or quasi-judicial

proceeding). However, the California Court of Appeal has recognized that the litigation privilege cannot be used to shield violators of the RFDCPA when the two conflict. *Komarova v. National Credit Acceptance, Inc.,* 175 Cal. App. 4th 324, 338 (2009). To do so, "would effectively vitiate the [RFDCPA] and render the protections it affords meaningless." *Id.* (internal quotation marks and citation omitted). Instead, the *Komarova* court "applie[d] the familiar principle of statutory construction that, in cases of irreconcilable conflict, the specific statute prevails over the general one." *Id.* (internal quotation marks and citation omitted).

Here, "[t]o bar at the pleading stage [plaintiff's] allegations that defendants filed a falsified proof of service and a misleading complaint in order to collect on a debt [could] undermine the gravamen of the RFDCPA, inviting predatory debt collectors to abuse litigation procedures while hiding behind a far too expansive shield." *Bartell v. Nat'l Collegiate Student Loan Trust 2005-3*, No. 14-CV-04238-RS, 2015 WL 1907337, at *4 (N.D. Cal. Apr. 27, 2015). Without a more complete record, the Court cannot determine whether California's "litigation privilege [would] similarly conflict[] with the RFDCPA as applied in this action, [and] completely shield [d]efendants from liability for the improper collection of debt." *Holmes v. Electronic Document Processing, Inc.*, 966 F. Supp. 2d. 925, 937 (N.D. Cal.2013). Accordingly, the Court finds that California's litigation privilege does not bar plaintiffs' claims at this juncture.[3]

---

[3] Just as defendants did in *Bartell*, defendants here ask the Court to "rely on a minority line of district court cases concluding otherwise." *Bartell*, 2015 WL 1907337, at *4. Those cases include *Boon v. Professional Collection Consultants,* 978 F. Supp. 2d 1157 (S.D. Cal. 2013) and *Reyes v. Kenosian & Miele, LLP,* 525 F. Supp. 2d 1158 (N.D. Cal. 2007). Of these two cases, only *Boon* was decided after *Komarova*. *Boon* interpreted *Komarova* narrowly by finding that *Komarova*'s holding depended on the fact that plaintiff alleged additional attempts by defendant to collect the debt other than the filing of the state court action, including threatening phone calls to the plaintiff, implying that such calls fell outside the litigation privilege. *Boon*, 978 F. Supp. 2d at 1161. To the contrary, however, *Komarova* itself found that these calls would have also been protected by the California litigation privilege. 175 Cal. App. 4th at 339. Thus, this Court does not find *Boon*'s reasoning persuasive and declines to adopt such a narrow interpretation of *Komarova*. This Court instead agrees with the majority of federal district courts that have interpreted *Komarova* "in light of the fact that the RFDCPA is a 'remedial statute' that ought to be interpreted broadly 'in order to effectuate its purpose.'" *Bartell*, 2015 WL 1907337, at *4 fn. 4 (quoting *Holmes*, 966 F. Supp. 2d. at 937 (collecting cases)); *see also Petley v. San Diego Cty. Credit Union*, No. 16CV891 JM (RBB), 2017 WL 385742, at *5 (S.D. Cal. Jan. 27, 2017) (noting that there appear to be only three post-*Komarova* cases, including *Boon*, that have applied the litigation privilege to RFDCPA claims and collecting cases that declined to apply the litigation privilege to RFDCPA claims).

### III. CONCLUSION

For the aforementioned reasons, defendants' motion to dismiss is **DENIED**. Defendants shall file an answer to the complaint within 20 days of this Order.

Further, based on the discussion on the record, the Court understands that the parties are agreeable to staying this case pending the underlying state court action. In this regard, the parties are directed to file a joint stipulation to stay the case by no later than **April 21, 2017**. A compliance hearing shall be held on the Court's 9:01 a.m. calendar on **Friday, April 28, 2017**, in Courtroom 1 of the United States Courthouse located at 1301 Clay Street in Oakland, California. If compliance is complete, plaintiff need not appear and the compliance hearing will be taken off calendar.

This Order terminates Docket Number 31.

**IT IS SO ORDERED.**

Dated: March 13, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**